NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SENAH INC., A California Corporation,

No.    19-16689

Plaintiff-Appellant,

D.C. No.
3:16-cv-07053-RS

v.

AVIC FORSTAR S&T CO., LTD., FDBA
Xi'an Forstar S & T Co., LTD.,

MEMORANDUM*

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
Richard G. Seeborg, District Judge, Presiding

Submitted June 11, 2020**
San Francisco, California

Before:  MILLER and HUNSAKER, Circuit Judges, and RAYES,*** District
Judge.

Appellant Senah Inc. appeals the district court's order adopting the

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

magistrate judge's report and recommendation limiting Appellant's default judgment recovery to attorneys' fees and costs. At bottom, Appellant argues that the district court applied too strict of an evidentiary standard and, for various reasons, erred in its commissions-related fact finding.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* whether the district court applied the correct legal standard when assessing damages. *Cal. Ironworkers Field Pension Tr. v. Loomis Sayles & Co.*, 259 F.3d 1036, 1042 (9th Cir. 2001). The district court's factual findings and its adoption of the magistrate judge's factual findings are reviewed for clear error. *Sanders v. Ratelle*, 21 F.3d 1446, 1451-52 (9th Cir. 1994). We affirm.

Both the magistrate judge and the district court applied the correct legal standard when assessing Appellant's damages. *See* Cal. Civ. Code § 3301 ("No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin."); *DuBarry Int'l, Inc. v. Sw. Forest Indus., Inc.,* 231 Cal. App. 3d 552, 562 (1991) (same).

The district court did not clearly err in finding that Appellant did not present sufficient evidence to show that Appellant's claimed pre-termination commissions were clearly ascertainable. For example, the district court adopted the magistrate judge's finding that the commission rates appeared "to be frequently in flux and to vary based on various factors, including which individual was responsible for the

19-16689

sale," citing evidence such as the absence of a 20% commission term in the 2004 contract and emails from 2010 and 2013 that seed doubt as to the prevailing rate. The district court also expressed skepticism that Appellant's unverified translations of financial statements are sufficient to demonstrate total sales subject to commissions. Appellant advances a more favorable interpretation of the evidence,[1] but we do not reweigh the evidence *de novo*, nor are we "left with the definite and firm conviction that a mistake has been made." *Stahl v. Simon (In re Adamson Apparel, Inc.)*, 785 F.3d 1285, 1291 (9th Cir. 2015) (internal quotation and citation omitted).

**AFFIRMED.**

---

[1] Appellant also argues that the district court erroneously dismissed judicially noticeable financial data published on the Chinese stock exchange, but this information would not have established Appellant's prevailing commission rate.